O

# United States District Court
# Central District of California

| | |
|---|---|
| CURTIS L. CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>PRUDENTIAL FINANCIAL;<br>PRUDENTIAL FINANCIAL, INC.,<br><br>    Defendants. | Case № 2:16-cv-04214-ODW(AFM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [18] AND DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF ATTORNEY [29]** |

## I. INTRODUCTION

This is the fourth lawsuit that Plaintiff Curtis L. Clark has brought against his former employer, Defendant Prudential Financial, Inc., arising from the termination of his employment. This time, Plaintiff, appearing pro se, alleges that Prudential discriminated against him based on his age and that Prudential owes him benefits under a welfare benefit plan. Before the Court are Prudential's Motion to Dismiss and Plaintiff's Motion for Appointment of Attorney. For the reasons discussed below, the Court **GRANTS** Prudential's Motion to Dismiss without leave to amend (ECF No. 15), and **DENIES AS MOOT** Plaintiff's Motion for Appointment of Attorney (ECF No. 29).

## II. BACKGROUND

Before 2004, Plaintiff was employed by Prudential for 20 years as an insurance

sales agent. (Compl. ¶ 7, ECF No. 1.) Plaintiff was a union member, and the terms and conditions of his employment were governed by a collective bargaining agreement. (*Id.* ¶ 22, Ex. C.) In 2004, the union informed Plaintiff that they had collectively bargained for a reduction in force, which would unfortunately eliminate Plaintiff's position at the company as of December 31, 2006. (*Id.*, Ex. C.) The Reduction in Force agreement provided for several types of separation benefits for eliminated employees, including an emeritus contract and a separation payment. (*Id.*)

In January 2008, Plaintiff filed a civil lawsuit against Prudential based on Prudential's failure to award him an emeritus contract. (Not. of Removal, *Curtis Clark v. Prudential Ins. Co. of Am.*, No. 2:08-cv-00865-GAF (PJW) (C.D. Cal. Feb. 7, 2008), ECF No. 1 (hereinafter *Clark I*).) Although Plaintiff conceded that he did not qualify for the emeritus contract based on his age, he alleged that Prudential could have made an exception for him. (*Clark I* Compl. at 16–18.) Plaintiff alleged that Prudential made an exception for an unqualified Caucasian female employee, and thus the failure to make an exception for Plaintiff was due to race and gender discrimination. (*Id.* at 23–26.) In July 2009, the court found that Plaintiff did not receive the emeritus contract because he was not eligible for the contract based on his age, and that the other employee received the emeritus contract because she was eligible. (Order, *Clark I*, ECF No. 44.) The Court therefore granted summary judgment in Prudential's favor on Plaintiff's discrimination claims. (*Id.*)

In November 2009, Plaintiff filed two additional lawsuits against Prudential. (Not. of Removal, *Curtis Clark v. Prudential Financial Inc.*, No. 2:10-cv-04953-GAF (PJW) (C.D. Cal. July 6, 2010), ECF No. 1 (hereinafter *Clark II*); Not. of Removal, *Curtis Clark v. Prudential Annuities*, No. 2:10-cv-04954-GAF (PJW) (C.D. Cal. July 6, 2010, ECF No. 1 (hereinafter *Clark III*).) In *Clark II*, Plaintiff asserted a breach of contract claim, in which he alleged that he was wrongfully denied separation benefits under the 2004 Reduction In Force agreement. (*Clark I* Compl. ¶¶ 13–26.) Plaintiff also alleged that he was wrongfully terminated from Prudential based on his age and

disability. (*Id.* ¶¶ 27–34.) In *Clark III*, Plaintiff asserted the same claims as he did in *Clark II*, but he also asserted a further claim for retaliatory withholding based on Prudential's refusal to allow Plaintiff to continue "servic[ing]" his previous clients. (*Clark III* Compl. ¶¶ 35–40.) The court dismissed both complaints without leave to amend. The court concluded that the breach of contract claim was preempted by the Labor Management Relations Act because it required the court to interpret a collective bargaining agreement. (Order at 3, *Clark II*, ECF No. 15.) The court dismissed Plaintiff's disability discrimination, age discrimination, and wrongful termination claims because: (1) the age discrimination claim was time-barred; (2) Plaintiff failed to exhaust his administrative remedies with respect to the disability discrimination claim; (3) the wrongful termination claim lacked a statutory basis; and (4) the discrimination and wrongful termination claims were barred by res judicata, because they arose from the same nucleus of operative facts as the discrimination claims in *Clark I*. (Order at 4–6, *Clark II*.) Finally, the court determined that the retaliatory withholding claim was also barred by res judicata. (Order at 1–2, *Clark III*, ECF No. 18.)

In February 2016, Plaintiff again inquired with Prudential regarding his entitlement to separation benefits. (Compl. ¶ 8.) On March 10, 2016, Prudential's Vice President informed Plaintiff's power of attorney that Plaintiff was not entitled to any benefits under the 2004 Reduction In Force agreement. (*Id.* ¶ 9, Ex. B.)

In June 2016, Plaintiff filed the current lawsuit against Prudential. (ECF No. 1.) Plaintiff appears to bring: (1) two claims under the Employee Retirement Income Security Act ("ERISA") for the wrongful denial of benefits under a 2009 welfare benefit plan (Compl. ¶¶ 28–30, 34–37); (2) one claim under the Age Discrimination in Employment Act (*id.* ¶¶ 31–33); and (3) one claim under state law for the wrongful denial of ERISA welfare benefits in violation of public policy (*id.* ¶¶ 38–40.) He also makes myriad references to other discrimination statutes, but does not appear to assert a claim under those statutes. (*See, e.g.*, Compl. ¶ 4.) On October 28, 2016, Prudential

moved to dismiss the case. (ECF No. 18.) Plaintiff filed both an opposition and a reply to the Motion. (ECF Nos. 31, 38.) Prudential also filed a reply. (ECF No. 34.) Plaintiff also moved the Court to appoint an attorney for him. (ECF No. 29.) Prudential opposed the motion, and Plaintiff replied. (ECF Nos. 35, 39.) Both motions are now before the Court for consideration.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A court should freely give leave to amend a complaint that has been dismissed, even if not requested by the plaintiff. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the

challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

The Court concludes that Plaintiff's discrimination claim is barred by claim preclusion. The Court also concludes that Plaintiff's own allegations show that he is not entitled to benefits under the 2009 Plan. Finally, the Court finds that Plaintiff cannot state a claim under state law for an ERISA violation. Thus, the Court dismisses Plaintiff's claims without leave to amend.

### A. Claim Preclusion

"Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). "Identity of claims exists when two suits arise from the same transactional nucleus of facts. Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* (citations, brackets, and internal quotation marks omitted).

Here, Plaintiff has repeatedly litigated from all angles both the propriety of his termination from Prudential and the terms of his separation. Indeed, Plaintiff expressly litigated a state law age discrimination claim in *Clark II* and *Clark III* (which he also could have asserted in *Clark I*). Moreover, the court entered a judgment on the merits in all three actions against Plaintiff. Thus, Plaintiff cannot now reassert a further age discrimination claim, even though it arises under federal law instead of state law.

### B. 2009 Welfare Benefit Plan

Plaintiff asserts that he is entitled to benefits under the 2009 Plan.[1] "[A]n

---

[1] The Court incorporates the 2009 plan by reference. (Def.'s Req. for Judicial Notice, Ex. N, ECF No. 18-1.) *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. The

1  ERISA plan participant or beneficiary [may] bring an action in district court 'to
2  recover benefits due to him under the terms of his plan, to enforce his rights under the
3  terms of the plan, or to clarify his rights to future benefits under the terms of the
4  plan.'" *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th
5  Cir. 2008) (quoting 29 U.S.C. § 1132(a)(1)(B)). "[A] denial of benefits challenged
6  under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit
7  plan gives the administrator or fiduciary discretionary authority to determine
8  eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber
9  Co. v. Bruch*, 489 U.S. 101, 115 (1989).

10  Here, Prudential does not address the appropriate standard of review, and thus
11  the Court conducts a *de novo* review of the plan terms. The 2009 Plan provides that
12  "any . . . employee . . . who is a sales employee covered by the terms of a collective
13  bargaining agreement . . . shall not be an Employee (or eligible for benefits) under the
14  Plan." (Def.'s Req. for Judicial Notice, Ex. N, section 2.12(i), ECF No. 18-2.) Here,
15  Plaintiff concedes in his complaint that he is a sales employee, that he was a union
16  member while employed at Prudential, and thus that the terms and conditions of his
17  employment—including his termination from the company—were governed under a
18  collective bargaining agreement. (Compl. ¶¶ 7, 22, Ex. C.) Consequently, Plaintiff is
19  not entitled to benefits under the 2009 Plan.

20  **C.  ERISA State Law Claim**

21  Finally, Plaintiff purports to assert a claim for violating "the established
22  governmental public policy in the State of California to provide retirement benefits in
23  violation of ERISA." (Compl. ¶ 9.) To this Court's knowledge, no court has
24  recognized a claim for violation of state public policy for failure to provide ERISA
25  benefits. Moreover, given ERISA's broad preemption provision, and the clear lack of

---

defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." (citations omitted)).

any applicable savings clause, the Court concludes that Plaintiff cannot state any such claim. *See, e.g.*, *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1108 (9th Cir. 2011) ("ERISA broadly preempts 'any and all State laws insofar as they may now or hereafter relate to any [covered] employee benefit plan.'" (quoting 29 U.S.C. § 1144(a))); *Baker v. Kaiser Aluminum & Chem. Corp.*, 608 F. Supp. 1315, 1322 (N.D. Cal. 1984) ("To the extent that plaintiff's claim alleges discharge in violation of a public policy regarding employment benefits, it is pre-empted by § 510 of ERISA.").

### D. Leave to Amend

The Court sees no reason to grant leave to amend. Plaintiff's discrimination claim is barred by claim preclusion, and no amendment can change that fact. Moreover, Plaintiff's claim for benefits under the 2009 Plan fails based on the allegations already in the complaint. Because Plaintiff cannot plead any new and *consistent* allegations to avoid this, the dismissal should be without leave to amend. Finally, Plaintiff's state law claim is preempted by ERISA, and—again—no new allegations can change that.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss without leave to amend. (ECF No. 15.) The Court **DENIES AS MOOT** Plaintiff's Motion for Appointment of Attorney. (ECF No. 29.)

**IT IS SO ORDERED.**

January 11, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**